1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

ST. PAUL DIVISION

| | |
|---|---|
| Tasha Martin, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation, Equifax Information Services, LLC, a foreign limited liability company, Trans Union, LLC, a foreign limited liability company, and Portfolio Recovery Associates, L.L.C., a foreign limited liability company, | **JURY TRIAL DEMAND** |
| Defendants. | |

NOW COMES THE PLAINTIFF, TASHA MARTIN, BY AND THROUGH

COUNSEL, Douglas Twait, and for her Complaint against the Defendants, pleads as

follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit

   Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]) and violations

1

of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and

28 U.S.C. §§1331,1337.

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the

City of Rochester, Olmsted County, Minnesota.

4. Venue is proper in the District of Minnesota, St. Paul Division.

## PARTIES

5. Plaintiff is a natural person residing in Rochester, Olmsted County, Minnesota.

6. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian") is an Ohio corporation

   that conducts business in Minnesota;

   b. Equifax Information Services, LLC ("Equifax") is a foreign limited

   liability company that conducts business in Minnesota;

   c. Trans Union, LLC ("Trans Union") is a foreign limited liability company

   that conducts business in Minnesota; and

   d. Portfolio Recovery Associates, L.L.C. ("PRA") is a foreign limited

   liability company that conducts business in Minnesota.

**1**

**2**

**3**

**4**

**5**

**6**

**7**

**8**

**9**

**10**

**11**

**12**

**13**

**14**

**15**

**16**

**17**

**18**

**19**

**20**

**21**

**22**

**23**

**24**

**25**

**26**

**27**

**28**

## <u>GENERAL ALLEGATIONS</u>

7.  Portfolio Recovery is incorrectly reporting two trade lines ("Errant Trade Lines") on Ms. Martin's Experian, Equifax and Trans Union (collectively the "CRAs") credit files.

8.  The Errant Trade Lines do not belong to Ms. Martin, as her credit files have been mismerged with someone with a similar name or Social Security Number.

9.  On July 13, 2017, Ms. Martin obtained her credit files and noticed PRA incorrectly reporting the two Errant Trade Lines.

10. On or about September 15, 2017, Ms. Martin submitted letters to the CRAs disputing the two Errant Trade Lines.

11. In these dispute letters, Ms. Martin explained that her credit files have been mismerged with someone else and asked the CRAs to remove the Errant Trade Lines from her credit files.

12. Upon information and belief, the CRAs forwarded Ms. Martin's consumer dispute to PRA.

13. Ms. Martin did not receive Equifax's investigation results, so on November 3, 2017, she obtained her Equifax credit file which showed that PRA continued to report the two Errant Trade Lines.

14. Ms. Martin did not receive Trans Union's investigation results, so on November 3, 2017, she obtained her Trans Union credit file which showed that PRA continued to report the two Errant Trade Lines.

15. Ms. Martin did not receive Experian's investigation results, so on November 7, 2017, she obtained her Experian credit file which showed that PRA continued to report the two Errant Trade Lines.

16. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY PRA

17. Plaintiff reincorporates the preceding allegations by reference.

4

18. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

20. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

21. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. Defendant violated this provision of the FDCPA by reporting an account that does not belong to Plaintiff.

22. The Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

**1**
**2**
**3**

## COUNT II

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PRA

**4**
**5**

23.Plaintiff realleges the above paragraphs as if recited verbatim.

**6**

24.After being informed by the CRAs of Ms. Martin's consumer dispute of the

**7**
**8**
**9**

Errant Trade Lines, PRA negligently failed to conduct a proper investigation of

Ms. Martin's dispute as required by 15 USC 1681s-2(b).

**10**

25.PRA negligently failed to review all relevant information available to it and

**11**
**12**
**13**

provided by the CRAs in conducting its reinvestigation as required by 15 USC

1681s-2(b), and failed to direct the CRAs to remove the Errant Trade Lines.

**14**

26.The Errant Trade Lines are inaccurate and creating a misleading impression on

**15**
**16**
**17**

Ms. Martin's consumer credit file with the CRAs to which it is reporting such

trade lines.

**18**

27.As a direct and proximate cause of PRA's negligent failure to perform its duties

**19**
**20**
**21**

under the FCRA, Ms. Martin has suffered damages, mental anguish, suffering,

humiliation, and embarrassment.

**22**

28.PRA is liable to Ms. Martin by reason of its violations of the FCRA in an amount

**23**
**24**
**25**

to be determined by the trier fact together with reasonable attorneys' fees

pursuant to 15 USC 1681o.

**26**

29.Ms. Martin has a private right of action to assert claims against PRA arising under

**27**
**28**

15 USC 1681s-2(b).

1
2
3

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant PRA for damages, costs, interest, and attorneys' fees.

4

## COUNT III

5

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PRA**

6
7

30. Plaintiff realleges the above paragraphs as if recited verbatim.

8
9
10
11
12

31. After being informed by the CRAs that Ms. Martin disputed the accuracy of the information it was providing, PRA willfully failed to conduct a proper reinvestigation of Ms. Martin's dispute, and willfully failed to direct the CRAs to remove the Errant Trade Lines.

13
14
15

32. PRA willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

16
17
18
19

33. As a direct and proximate cause of PRA's willful failure to perform its duties under the FCRA, Ms. Martin has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

20
21
22
23
24
25
26

34. PRA is liable to Ms. Martin for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

27
28

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant PRA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IV

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Martin as that term is defined in 15 USC 1681a.

37. Such reports contained information about Ms. Martin that was false, misleading, and inaccurate.

38. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Martin, in violation of 15 USC 1681e(b).

39. After receiving Ms. Martin's consumer dispute to the Errant Trade Lines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

40. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Ms. Martin has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

41. Trans Union is liable to Ms. Martin by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT V

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

42. Plaintiff realleges the above paragraphs as if recited verbatim.

43. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Martin as that term is defined in 15 USC 1681a.

44. Such reports contained information about Ms. Martin that was false, misleading, and inaccurate.

45. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Martin, in violation of 15 USC 1681e(b).

46. After receiving Ms. Martin's consumer dispute to the Errant Trade Lines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

9

47. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Ms. Martin has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

48. Trans Union is liable to Ms. Martin by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT VI

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

49. Plaintiff realleges the above paragraphs as if recited verbatim.

50. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Martin as that term is defined in 15 USC 1681a.

51. Such reports contained information about Ms. Martin that was false, misleading, and inaccurate.

52. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Martin, in violation of 15 USC 1681e(b).

53. After receiving Ms. Martin's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

54. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Ms. Martin has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

55. Experian is liable to Ms. Martin by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

<u>**COUNT VII**</u>

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

56. Plaintiff realleges the above paragraphs as if recited verbatim.

57. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Martin as that term is defined in 15 USC 1681a.

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

58. Such reports contained information about Ms. Martin that was false, misleading, and inaccurate.

59. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Martin, in violation of 15 USC 1681e(b).

60. After receiving Ms. Martin's consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

61. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Ms. Martin has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

62. Experian is liable to Ms. Martin by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT VIII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

63. Plaintiff realleges the above paragraphs as if recited verbatim.

64. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Martin as that term is defined in 15 USC 1681a.

65. Such reports contained information about Ms. Martin that was false, misleading, and inaccurate.

66. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Martin, in violation of 15 USC 1681e(b).

67. After receiving Ms. Martin's consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

68. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Martin has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

69. Equifax is liable to Ms. Martin by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

1
2
3

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

4

## COUNT IX

5
6

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

7
8

70. Plaintiff realleges the above paragraphs as if recited verbatim.

9
10
11
12

71. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Martin as that term is defined in 15 USC 1681a.

13
14

72. Such reports contained information about Ms. Martin that was false, misleading, and inaccurate.

15
16
17
18
19

73. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Martin, in violation of 15 USC 1681e(b).

20
21
22
23

74. After receiving Ms. Martin's consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

24
25
26
27

75. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Martin has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

28

14

76. Equifax is liable to Ms. Martin by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: April 14, 2018

By: */s/ Douglas S. Twait*
Douglas S. Twait
DST & Associates
1181 Roma Ave.
St. Paul, MN 55113
(612) 418-7470 Telephone

15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

dtwait@comcast.net
Attorney No. 0199783

Attorney for Plaintiff,
Tasha Martin